Filed 4/29/20; Certified for Publication 5/21/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B299607 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA119464 |
| JONATHAN BONILLA-BRAY, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Roger Ito, Judge. Reversed with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Paul M. Roadarmel, Jr., and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Jonathan Bonilla-Bray is a Marine Corps veteran who alleges that, because of his service, he suffers from mental health and substance abuse problems. To help veterans like defendant, since 2015, California law has required trial courts to consider service-related trauma, substance abuse, and mental health problems as mitigating factors weighing in favor of low-term felony sentences. In 2018, the Legislature expanded this relief to allow people sentenced before 2015 to petition for a resentencing hearing in which the court considers service-related mitigating factors. As amended, Penal Code section 1170.91 lays out eligibility criteria and provides that upon receiving a petition, the court must hold a public hearing to determine whether the defendant satisfies those criteria. Defendant contends the trial court here erred by summarily denying his petition for recall and resentencing without following the required procedures. The People properly concede the point, and we agree. We therefore reverse and remand for further proceedings.

## BACKGROUND

By information dated May 27, 2011, defendant was charged with one count of carjacking (Pen. Code,[1] § 215, subd. (a); count 1) and one count of attempted carjacking (§§ 664/215, subd. (a); count 2). The information also alleged that he personally used a firearm in the commission of count 2 (§ 12022.53, subd. (b)). Defendant pled not guilty and denied the allegation.

At defense counsel's request, the court appointed a psychiatrist to examine defendant. The doctor concluded

---

[1] All undesignated statutory references are to the Penal Code.

defendant suffered from serious mental health issues but was fit to stand trial.

On August 16, 2011, defendant pled no contest to count 2 and admitted the allegation. The court sentenced him to state prison for 12 and a half years—the midterm of two and a half years for count 2 plus 10 years for the firearm enhancement. In accordance with the terms of the plea, the court recommended that defendant receive "psychiatric/psychological treatment" in state prison. The court dismissed count 1.

On April 23, 2019, defendant filed a petition for recall of sentence and resentencing under Assembly Bill No. 865 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 523, § 1) (hereafter A.B. 865). In the petition, defendant alleged that he had served in the United States Marine Corps, where he suffered from both "serious mental health issues and substance abuse addiction," and that his military service "had a substantial and detrimental effect on his mental health and well being." Defendant also noted that, while the charges were pending in his case, a court-appointed psychiatrist found that he suffered from "serious mental health issues, but was otherwise fit to stand trial." And, he said that the trial court had not considered the effects of his military service as a factor in mitigation at sentencing, which occurred before January 1, 2015. Thus, defendant asked the court to resentence him to the low term for count 2 and to strike the firearm enhancement using its authority under Senate Bill No. 620 (2017–2018 Reg. Sess.). He requested counsel and the right to be present at any hearing.

On May 28, 2019, the court summarily denied what it called a "petition for recall and resentencing pursuant to SB 620" without appointing counsel or holding a hearing. The court

3

specifically stated that defendant had "failed to show a prima facie case for relief" and that he had the burden to "establish grounds for his release." The court added, "Specifically, petitioner's **case became final** on or about January 9, 2012, over 5 years prior to the effective date of SB 620. Accordingly, the claim is denied." The court did not mention either A.B. 865 or section 1170.91.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that because he filed a petition for resentencing under section 1170.91 that met the statutory requirements for relief, the court erred by failing either to address those claims or to hold a noticed public hearing as required under subdivision (b)(3) of the statute. The People concede the error, and we agree.

This is an issue of statutory interpretation, which we consider de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)

Effective January 1, 2015, sentencing courts must consider any trauma, substance abuse, and mental health problems caused by a defendant's service in the United States military as mitigating factors weighing in favor of a low-term sentence. (§ 1170.91, subd. (a), enacted by Stats. 2014, ch. 163, § 2.) A.B. 865 amended that statute to allow people sentenced before January 1, 2015, to petition for a resentencing hearing in which the court takes into account mitigating factors related to military service. (§ 1170.91, subd. (b)(1).)

4

To be eligible for resentencing, a petitioner must meet the following criteria:

- He or she is currently serving a sentence for a felony conviction—whether by trial or plea (§ 1170.91, subd. (b)(1));

- He or she served in a branch of the United States military (*ibid.*);

- As a result of his or her service, he or she suffers from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems (*ibid.*);

- The court did not consider those circumstances as a factor in mitigation at the time of sentencing (*id.*, subd. (b)(1)(A)); and

- He or she was sentenced before January 1, 2015 (*id.*, subd. (b)(1)(B)).

Section 1170.91, subdivision (b)(3), in turn, establishes procedures for the trial courts to evaluate resentencing petitions. It provides that upon receiving a petition, the court must hold a public hearing after at least 15 days to determine whether the defendant meets the statutory criteria. "At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria [in subdivision (b)], the court may, in its discretion resentence the person following a resentencing hearing." (*Ibid.*)

Here, defendant filed a petition on April 23, 2019, after the statute's effective date. He wrote that he had served in the

Marine Corps and ended up suffering from "serious mental health issues and substance abuse addiction" as a result. To support this claim, he attached extensive Marine Corps service records and CDCR mental health records. He also stated that the trial court had not considered his mental health and substance abuse issues as a factor in mitigation at sentencing. To support that claim, he attached copies of his sentencing hearing transcript and plea advisement form. Defendant also noted that he had been sentenced before January 1, 2015. Therefore, as the People acknowledge, defendant's petition alleges that he met the statutory requirements under section 1170.91, subdivision (b).

Nevertheless, soon after receiving defendant's petition, the court—with no parties present and no apparent notice to defendant or the prosecution—summarily denied defendant's petition. As the People concede, "[u]nder the statute, this was improper. The trial court should have provided notice to the District Attorney, [defendant], and any victims before setting a hearing date. At that hearing, which was required to be at least 15 days after [defendant]'s petition was received, the trial court could then determine whether [defendant] satisfied the criteria set forth in [section 1170.91,] subdivision (b), i.e., whether the circumstance of suffering from his mental health and substance abuse issues as a result of his military service was considered as a factor in mitigation at the time of the sentencing in 2011, and whether [defendant] was sentenced prior to 2015."

We agree with the parties that the court's summary denial was improper. We therefore reverse and remand with directions for the trial court to hold the hearing it denied defendant a year ago.

6

## DISPOSITION

The postjudgment order is reversed and the matter is remanded with directions to comply with Penal Code section 1170.91, subdivision (b)(3). If, at the hearing, the trial court finds that defendant is eligible for resentencing, it must exercise its discretion to determine whether to resentence him according to the provisions of Penal Code section 1170.91, subdivisions (b)(4) and (5). Upon resentencing, the court may exercise its full discretion under any newly-enacted sentencing laws, including under Senate Bill No. 620.

LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


DHANIDINA, J.

Filed 5/21/20

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B299607 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA119464 |
| JONATHAN BONILLA-BRAY, | **Order Certifying Opinion for Publication** |
| Defendant and Appellant. | [No change in judgment] |

BY THE COURT:*

Tseme Garcia, who is not a party to this matter, has requested that our opinion in the above-entitled matter, filed April 29, 2020, be certified for publication. (Cal. Rules of Court, rule 8.1120(a)(1).) It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The opinion is ordered published in the Official Reports.

_____

*LAVIN, Acting P. J.        EGERTON, J.        DHANIDINA, J.